1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| Anova Applied Electronics, Inc. | Case No. 2:23-cv-845 |
| Plaintiff | |
| v. | COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION |
| Shenzhen Jingtaitengda Technology Co., Ltd. d/b/a "Dreamytenda" | |
| and | |
| Shenzhenshi Yingbozhikong Keji Youxian Gongsi d/b/a "Mixtea360" | |
| and | |
| Inkbird Tech. C.L., a Chinese company | |
| Defendants. | |

## PATENT AND TRADEMARK INFRINGEMENT COMPLAINT

Plaintiff, Anova Applied Electronics, Inc. ("Anova"), by and through its attorneys,

for its Complaint against defendants Dreamytenda, Mixtea360, and Inkbird Tech. C.L

("Inkbird Tech"), and all related aliases ("Defendants"), alleges as follows:

COMPLAINT – 1



TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Classified as Internal

## PRELIMINARY STATEMENT

This is an action for infringement of Plaintiff's United States Patent No. 10,455, 967 ("the '967 Patent" or "the Asserted Patent" attached hereto as Exhibit 1) under the Patent Act, 35 U.S.C. § 271, as well as unfair competition arising from Defendants' infringement of registered Trademark Nos. 4989116 ("the '116 Mark") and 6392242 ("the '242 Mark") for "PRECISION" (collectively, "the PRECISION Marks"). Copies of the registration certificates of the PRECISION Marks are attached hereto as Exhibit 2 and Exhibit 3, respectively. This action is premised on Defendants' unauthorized manufacture, commercial use, importation, offer for sale, and sale of certain "Inkbird Precision Cooker" products ("Accused Products") online in United States. Defendants' actions have caused and will continue to cause substantial harm. Plaintiff seeks preliminary and permanent injunctive relief, damages, and attorneys' fees and costs.

## JURISDICTION

1.     This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because it concerns the rights of parties under the Patent Act, 35 U.S.C. § 271; and pursuant to 15 U.S.C. § 1121 because this action alleges violation of the Lanham Act; and pursuant to 28 U.S.C. § 1332.

2.     This Court has supplemental jurisdiction over all other claims under 28 U.S.C. § 1367 because all other claims are related to the same controversy that gave rise to the federal causes of action alleged.

COMPLAINT – 2



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

3.      This Court has personal jurisdiction over Defendants because they purposefully and intentionally conducted business with Amazon and directed communications and other conduct to Amazon.com, Inc. ("Amazon") (headquartered in Seattle, Washington) that were knowingly and intentionally calculated to inflict damage and harm upon Plaintiff, and which transactions are the subject of this Complaint. As described more fully below, Defendants committed tortious acts of using, offering to sell, selling, and/or importing infringing products to customers and/or potential customers within the State of Washington. Defendants' activities with respect to the products they sell in the State of Washington constitute at least patent infringement, trademark infringement, false designation of origin, and unfair competition. On information and belief, Defendants' customers and potential customers reside in the State of Washington, and on information and belief, Defendants are transacting business and benefitting from the Washington market, including for example, through sales and importing of infringing products that occur within Washington.

4.      Alternatively, this Court may exercise personal jurisdiction over Defendants residing outside of the United States under Federal Rule of Civil Procedure 4(k)(2). The Court's exercise of personal jurisdiction over Defendants in this action is consistent with the United States Constitution for at least the same reasons stated above.

**VENUE**

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and § 1400(b) because actions that gave rise to this Complaint were directed to Seattle,

COMPLAINT – 3



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Washington. Venue is also proper under 28 U.S.C. § 1391 (c)(3) because on information and belief, Defendants are not residents of the United States and may be sued in any judicial district.

**PARTIES**

6. ANOVA APPLIED ELECTRONICS, INC. ("Anova") is a corporation formed under the laws of the state of Delaware with its principal place of business located in San Francisco, California. Anova has been doing business, including in the state of Washington, since 2013. Plaintiff Anova manufactures and sells sous vide circulation cookers, including its Precision Cooker Nano, Precision Cooker, and Precision Cooker Pro models, including through Amazon.com.

7. On information and belief, Defendants are based in China, and offer the Accused Products online via the popular retailer Amazon.com.

8. On information and belief, Defendant Inkbird Tech. C.L. ("Inkbird Tech") is a company based in China, with an address of 18 / F, Zhimei Guowei electronic building, No. 68, Guowei Road, Luohu District, Shenzhen.

9. On information and belief, Defendant Shenzhen Jingtaitengda Technology Co., Ltd. is a Chinese entity doing business on Amazon as "Dreamytenda". Its address and principal place of business is Room 601, East Side, 6th Floor, Building 713, Pengji Industrial Zone, No. 2 Pengxing Road, Pengxing Community, Liantang Street, Shenzhen,

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Luohu District, Guangdong Province, 518000, People's Republic of China. Dreamytenda's Amazon Seller Profile is attached hereto as Exhibit 4.

10.     On information and belief, Defendant Shenzhenshi Yingbozhikong Keji Youxian Gongsi is a Chinese entity doing business on Amazon as "Mixtea360." Its address and principal place of business is Pengxing Road, Liantang Street, Luohu District, and 203, the second floor of the east and west side of 713, Hao Pengji Industrial Zone, is Building S and Guan G 518000, People's Republic of China. Mixtea360's Amazon Seller Profile is attached hereto as Exhibit 5.

## FACTUAL BACKGROUND

11.     The "sous vide" technique of cooking involves cooking ingredients in a vacuum-sealed pouch submerged in water, typically at a long time at a low temperature.

12.     Anova is a global company and a global leader in kitchen appliances and accessories.  Anova's Precision Cooker has become the best-selling sous vide device on the market today.  For its research and design efforts, Anova has been awarded multiple patents, garnered industry acclaim, and is recognized as a trusted brand among consumers worldwide.

13.     On October 29, 2019, United States Pat. No. 1,045,967 (hereafter "the '967 Patent"), titled "Circulator Cooker," issued to Anova Applied Electronics, Inc.  The '967 Patent identified Jeff Wu as its inventor, and is directed towards a device which can be partially immersed in a vessel of water, such that a heater in the vessel can maintain the

COMPLAINT – 5

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

temperature of the water within a defined range to allow foodstuffs, packed in vacuum sealed bags, to be immersed in the water and cooked. The device also includes a circulation pump to improve the circulation of water in the vessel to reduce temperature gradients within the vessel.

14.    Anova has been using the PRECISION Marks in commerce in connection with temperature controllers for use in cooking, namely, constant temperature immersion circulators; sous-vide machines; and electric sous-vide cookers at least as early as September 11, 2015.

15.    Anova holds United States Trademark Registration No. 4,989,116 for PRECISION for use in connection with temperature controllers for use in cooking, namely, constant temperature immersion circulators, in International Class 9. The '116 Mark was registered by the United States Patent and Trademark Office ("UPSTO") on June 28, 2016 and has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C. § 1065.

16.    Anova holds United States Trademark Registration No. 6,392,242 for PRECISION for use in connection with sous-vide machines and electric sous-vide cookers, in International Class 11. The '242 Mark was registered by the USPTO on June 22, 2021.

17.    Anova has expended substantial time, money, and resources marketing, advertising, and promoting its products sold under the PRESICION Marks including through Anova's marketing, advertising, and promotional efforts. Attached hereto as

COMPLAINT – 6

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Exhibit 6 is a demonstrative sample of materials showing Anova's use of the PRECISION Marks in connection with its constant temperature immersion circulators; sous-vide machines; and electric sous-vide cookers.

18.     Anova has not consented to or authorized Defendants to use the PRECISION Marks.

19.     On information and belief, Inkbird Tech operates the website www.inkbird.com. According to Inkbird Tech's website, the company was founded in 2010. Inkbird Tech offers for sale, directly sells, and imports the Inkbird Precision Sous Vide Cooker ISV-100W and the Inkbird Precision Sous Vide ISV-200W products. As shown in the attached Exhibit 7, the company states that it ships both products from warehouses located in the United States and from China.

20.     On information and belief, Inkbird Tech has been using the PRECISION Marks in its product names after Anova earned rights in the PRECISION Marks.

21.     On information and belief, the Inkbird Precision Cookers are advertised, offered for sale, and sold on Amazon.com under at least the following listing titles and Amazon Standard Identification Numbers ("ASINs"):

| Title of Listing | Model | ASIN |
|---|---|---|
| Inkbird WIFI Sous Vide Machine ISV-100W | 1000 Watts Sous-Vide Precision Cooker Immersion | ISV-100W | B07RNWJZNR |

COMPLAINT – 7



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

| | | |
|---|---|---|
| Circulator \| 14 Preset Recipes on APP and Thermal Immersion, Fast-Heating with Accurate Temperature and Timer | | |
| Inkbird WIFI Sous Vide Precision Cooker & 44PCS Electric Vacuum Sealer Sous Vide Kits\|Recipes on APP and 1000W Sous Vide Machine\| Sous Vide Starter Kits with 30PCS Sous Vide Bags Electric Pump Clips | ISV-100W | B092ZDTK5H |
| WiFi Sous-Vide-Machine & Vacuum Sealer Machine, Inkbird Sous Vide Cooker 1000W w/Recipes on APP Precision Cooker \| Automatic Air Sous Vide Vacuum Sealing Machine with Starter Kit | ISV-100W | B08HWL9MKK |
| INKBIRD WIFI Sous Vide Machine ISV-100W with Storage Carry Case \| 1000 Watts Sous-Vide Precision Cooker Immersion Circulator \| 14 Preset Recipes on APP, Fast-Heating with Hard EVA Protective Case | ISV-100W | B0BLS9PGG7 |
| Inkbird WiFi Sous Vide Precision Cooker & Instant Read Thermometer IHT-1P, Thermal Immersion Circulator 1000 Watts Precise Cooker with Recipes on APP/Sous Vide Cooking Machine ISV-100W | ISV-100W | B08HWHC7P2 |
| Inkbird WiFi Sous Vide Cooker Culinary Cooker, 1000 Watts, Recipe, Precise Temperature and Timer, Programmable Interface, | ISV-100W | B08775CY2B |

COMPLAINT – 8

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

| | | |
|---|---|---|
| Stainless Steel Thermal Immersion Circulator for Kitchen | | |
| Sous Vide Machine\| Inkbird Wifi Sous Vide Precision Cooker,1000W Remote Control Immersion Circulator with APP RecipesTimer Alarm Mobile Notification \| 3D Water Heating Ultra-Quiet ISV-200W | ISV-200W | B08GKQFT6B |
| INKBIRD WIFI Sous Vide Machine ISV-200W and Sous Vide Cooker Storage Case Bag, Hard EVA Protective Case | ISV-200W | B0C38G95F7 |

22.     Representative copies of the Amazon seller storefronts and their listings of the Accused Products are attached as Exhibits 4 and 5.

23.     Inkbird Tech also operates an online community forum on facebook.com at the URL   https://www.facebook.com/groups/425146541434234   entitled   "Inkbird Temperature Controller Thermometer in North America" wherein upon information and belief, the company provides guidance on how to use the WiFi Sous Vide Cooker ISV-100W and the ISV-200W.

**COUNT I**
**INFRINGEMENT OF US PATENT NO. 10,455,967**

24.     Anova repeats and realleges paragraphs 1 through 23 hereof, as if fully set forth herein.

COMPLAINT – 9


TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

1  25.    The '967 Patent, entitled "Circulation Cooker," was duly and legally issued

2  on October 29, 2019, and names Jeff Wu as the sole inventor. A true and correct copy of

3  the '967 Patent is attached hereto as Exhibit 1. The '967 Patent was issued from the United

4  States Patent Application No.  15/890,439. The '967 Patent claims priority from United

5  States Provisional Patent Application No. 61/880,714, which was filed on September 20,

6  2013. The full continuity data of the '967 Patent is shown on the face of the patent and is

7  hereby incorporated by reference.

8
9  26.    Anova is the assignee of the entire right, title, and interest in the '967 Patent,

10 which assignment was recorded by the US Patent and Trademark Office at Reel/Frame:

11 044911/0027 on February 13, 2018. A true and accurate copy of the assignment is attached

12 hereto as Exhibit 8.

13
14 27.    The '967 Patent has been in full force and effect since its issuance.  Anova

15 owns the entire right, title, and interest in and to the '967 Patent, including the right to

16 seek damages for past, current, and future infringement thereof.

17
18 28.    The '967 Patent "relates generally to food cooking devices, and more

19 specifically, to a precision temperature control water heater and water circulator

20 appliance for cooking food in water baths."  '967 Patent, Col. 1, Lns. 21-24.

21
22 29.    The '967 Patent claims a sous-vide circulator cooker comprising:

23          a head portion comprising a display;

24          a middle portion extending along a longitudinal axis from the head
           portion and having a pump motor therein; and

COMPLAINT – 10


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

a lower portion extending along the longitudinal axis from the middle portion, with the middle portion between the head portion and the lower portion, the lower portion comprising:

a skirt having a proximal end attached to the middle portion and a distal end located remotely along the longitudinal axis from the middle portion, the skirt having one or more liquid intake openings passing therethrough,

a heating element located within the skirt,

a pump housing attached at the distal end of the skirt with the heating element between the pump housing and the middle portion, the pump housing having an outlet opening passing therethrough, wherein the outlet opening is oriented away from the longitudinal axis, and the pump housing is rotatable about the longitudinal axis to a plurality of different positions relative to one or more other portions of the sous-vide circulator cooker, and

a pump impeller rotatably mounted within the pump housing and operatively connected to the pump motor, the pump impeller being configured to selectively generate a flow of liquid from the one or more liquid intake openings, past the heating element, into the pump housing, and out through the outlet opening, when the pump housing is in the plurality of different positions.

30.     Anova purchased both products to conduct its infringement analysis. For example, on or about October 4, 2021, Anova purchased the Inkbird Precision Cooker ISV-100W with the ASIN B07RNWJZNR from Amazon.com. Anova received the product on or about October 5, 2021. See Exhibit 9 for order, delivery date, and pictures of the purchased Inkbird Precision Cooker ISV-100W.

31.     As detailed in the '967 Claim Charts (attached as Exhibit 10), both versions of the Inkbird Precision Cooker (ISV-100W and ISV-200W) infringe at least claim 1 of the '967 Patent. Both Inkbird Precision Cookers are structurally identical enough to directly infringe the '967 Patent for nearly the same reasons.

COMPLAINT – 11



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

32.     Upon information and belief, the Defendants individually and collectively advertise, offer for sale, and sell the Inkbird Precision Cookers which practice the claimed invention of the '967 Patent, on Amazon.com under at least the above-mentioned ASINs and on its website https://inkbird.com/collections/sous-vide.

33.     Defendants offer to ship and ship the Accused Products, which practice the claimed invention of the '967 Patent, to customers throughout the United States including the state of Washington. A copy of the Amazon.com listings of the Accused Products offering the Accused Product is shown in Exhibits 4 and 5.

34.     Copies of the product listings of the Inkbird Precision Cookers offered directly at the URLs https://inkbird.com/collections/sous-vide/products/wifi-sous-vide-cooker-isv-100w and https://inkbird.com/collections/sous-vide/products/sous-vide-isv-200w are attached hereto as Exhibit 7.

35.     Defendants individually and in concert with each other have thus infringed, and continue to infringe, literally or under the doctrine of equivalents, Anova's '967 Patent, by making, using, importing, selling and/or offering to sell in the United States, including within this judicial district, the Accused Products during the enforceability period of the '967 Patent in violation of 35 U.S.C § 271 (a).

36.     Defendants individually and collectively have also indirectly infringed, and continues to infringe, at least claim 1 of the '967 Patent by actively and knowingly inducing others to make, use, offer to sell, import, and/or sell the Accused Product in the

COMPLAINT – 12

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

United States, including within this judicial district. Third parties who offer to sell, import, and/or sell the Accused Products in accordance with the Defendants instructions and/or encouragement infringe the '967 Patent in violation of 35 U.S.C § 271 (a).

37.     Defendants individually and collectively also induce infringement by others by failing to remove or diminish the infringing features of the Accused Product. Defendants individually and collectively are thus liable for infringement of the '967 Patent under 35 U.S.C § 271 (b).

38.     The Defendants individually and collectively have also infringed, and continues to infringe, the '967 Patent by contributing to the direct infringement of the '967 Patent. On information and belief, the Defendants individually and collectively sell, offer to sell and/or import into the United States components of the Accused Products, constituting a material part of the '967 invention, knowing those components to be especially made or especially adapted for use in the infringement of the '967 Patent, and which are neither a staple article nor a commodity of commerce suitable for substantial non-infringement use. The Defendants individually and collectively are thus liable for infringement under 35 U.S.C § 271 (c).

39.     Upon information and belief, Defendants individually and collectively have known of the existence of the '967 Patent, and their acts of infringement have been willful and in disregard for the '967 Patent, without any reasonable basis for believing that it had a right to engage in the infringing conduct.

COMPLAINT – 13

TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

40.     Upon information and belief, Defendants' infringement has been, and continues to be knowing, intentional, and willful.

41.     Defendants' acts of infringement of the '967 Patent have caused and will continue to cause Anova damages for which they Anova is entitled to compensation pursuant to 35 U.S.C. § 284.

42.     Defendants' acts of infringement of the '967 Patent have caused and will continue to cause Anova immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283. This includes *inter alia* loss of customers, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a preliminary and permanent injunction against the Defendants' further infringement of the '967 Patent.

43.     This case is exceptional and, therefore, Anova is entitled to an award of attorney fees pursuant to 35 U.S.C. § 285.

## COUNT II
## FEDERAL TRADEMARK INFRINGEMENT OF REGISTERED MARKS UNDER 15 U.S.C. § 1114

44.     Anova repeats and realleges paragraphs 1 through 43 hereof, as if fully set forth herein.

COMPLAINT – 14



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

45.     As a result of its widespread, continuous, and exclusive use of the PRECISION Marks to identify its products and Anova as their source, Anova owns valid and subsisting federal statutory and common law rights to the PRESICION Marks.

46.     Anova's PRESICION Marks is distinctive to both the consuming public and Anova's trade.

47.     As a result of Anova's expenditures and efforts, the PRECISION Marks have come to signify the high quality of the products designated by Anova's PRECISION Marks, and have acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

48.     As described above, the PRECISION Marks are valid and protectable trademarks. The registrations for the PRECISION Marks have been in full force and effect since their issuance.  Anova owns the entire right, title, and interest in and to the PRECISION Marks, including the right to seek damages for past, current, and future infringement thereof.

49.     Defendants have infringed the PRECISION Marks by selling and advertising its products using Anova's PRECISION Marks to consumers in the United States.

50.     Defendants individually and collectively advertise, offer for sale, and sell the Inkbird Precision Cookers which infringe on the PRECISION Marks on Amazon.com.

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

Listings of Defendants' infringement of the PRECISION Marks by Dreamytenda[1] (Shenzhen Jingtaitengda Technology Co., Ltd.), and Mixtea 360 (Shenzhenshi Yingbozhikong Keji Youxian Gongsi)[2] are attached hereto as Exhibits 4 and 5,

---

[1] Exhibit 4: *Inkbird WIFI Sous Vide Machine ISV-100W | 1000 Watts Sous-Vide **Precision** Cooker Immersion Circulator | 14 Preset Recipes on APP and Thermal Immersion, Fast-Heating with Accurate Temperature and Timer*, Amazon.com, https://a.co/d/cRuTARQ (last visited June 2, 2023); *Sous Vide Machine| Inkbird Wifi Sous Vide **Precision** Cooker,1000W Remote Control Immersion Circulator with APP RecipesTimer Alarm Mobile Notification | 3D Water Heating Ultra-Quiet ISV-200W*, AMAZON.COM, https://a.co/d/ilZ7eD1 (last visited June 2, 2023).

[2] Exhibit 5: *Inkbird WIFI Sous Vide Machine ISV-100W | 1000 Watts Sous-Vide **Precision** Cooker Immersion Circulator | 14 Preset Recipes on APP and Thermal Immersion, Fast-Heating with Accurate Temperature and Timer*, Amazon.com, https://a.co/d/9uFaNY4 (last visited June 2, 2023) (emphasis added); *Sous Vide Machine| Inkbird Wifi Sous Vide **Precision** Cooker,1000W Remote Control Immersion Circulator with APP RecipesTimer Alarm Mobile Notification | 3D Water Heating Ultra-Quiet ISV-200W*, Amazon.com, https://a.co/d/5Kq1cSF (last visited June 2, 2023) (emphasis added); *Inkbird WiFi Sous Vide Cooker Culinary Cooker, 1000 Watts, Recipe, Precise Temperature and Timer, Programmable Interface, Stainless Steel Thermal Immersion Circulator for Kitchen*, Amazon.com, https://a.co/d/9ad5O2i (last visited June 2, 2023) (emphasis added) (states "The Inkbird wifi **Sous Vide precision cooker**" under product features; *INKBIRD WIFI Sous Vide Machine ISV-200W and Sous Vide Cooker Storage Case Bag, Hard EVA Protective Case*, Amazon.com, https://a.co/d/05b5u4D (last visited June 2, 2023) (emphasis added) (states "The WiFi **Sous Vide Culinary Precision Cooker**" in

COMPLAINT – 16


TBILLICK
LAW
600 1ˢᵗ Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

respectively. In almost every instance, the term "Precision" is used in the product titles, and in other instances, "Precision" is used in a manner to create a likelihood of confusion between Defendants and Anova, in violation of Anova's rights in the PRECISION Marks. Just one example is pasted below:



51.     On information and belief, Inkbird maintains these listing pages; and permits and encourages individuals to leave reviews for the Accused Products. Examples

_____

description); *Inkbird WiFi Sous Vide **Precision** Cooker & Instant Read Thermometer IHT-1P, Thermal Immersion Circulator 1000 Watts Precise Cooker with Recipes on APP/Sous Vide Cooking Machine ISV-100W,* Amazon.com, https://a.co/d/9RkOh1e (last visited June 2, 2023).

COMPLAINT – 17



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

of consumers using the Precision Marks to refer the Accused Products evidences a likelihood of confusion as to the source of the products, as excerpted below (*see also* Exhibit 7):



**Stephen McGovern** ★★★★★ 12/24/2021

**Best unit out there!**
I bought my Inkbird Precision WiFi Sous Vide Cooker Over 18 months ago. This is my 4th cooker in the past 5 years and by far, the BEST immersion cooker I've used to date! Accurate and quick heating. Never had so much as a hiccup all this time. I use this cooker as well as my 2 others a number of times a week. And I love the Inkbird the most!!



**Alberto Canedo** ★★★★★ 03/29/2021

**kbird ISV-200W Wi-Fi Immersion Circulator Precision Sous Vide Cooker**
It was my 1st time using the INKBIRD ISV-200W Wi-Fi Immersion Circulator Precision Sous Vide Cooker today. Will be using all the time as it is easy to use and a great way to making tender steaks. Thanks you Darlene for this awesome tool.

52.    On information and belief, Defendant Inkbird Tech at various times has directly referred to the Accused Products as "Inkbird Precision WiFi Sous Vide Cooker ISV-100W with Thermal Immersion Circulator" and "Inkbird ISV-200W Wi-Fi Immersion Circulator Precision Sous Vide Cooker," thereby infringing the PRECISION Marks and creating a false association with Plaintiff. Copies of screen printouts from Web.Archive.org "Wayback Machine" are attached as Exhibit 11.

53.    On information and belief, Defendant Inkbird Tech at various times has used the PRECISION Marks to create online advertisements to be placed on Google.com. Copies of exemplars of such advertisements are attached as Exhibit 12.

54.    On information and belief, after Anova earned rights in the Precision Marks, Defendants have used the Precision Marks in its product titles, thereby creating a

COMPLAINT – 18



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

likelihood of confusion with the Precision Marks, and creating a false association and designation of origin of the Accused Products.

55.     Defendants' unauthorized use in commerce of the PRECISION Marks are likely to cause confusion which constitute use of a false designation of origin and misleading description and representation of fact.

56.     Defendants' unauthorized use of the PRECISION Marks on or in connection with its sous vide products is likely to cause confusion, or to cause mistake or to deceive as to (i) the affiliation, connection, or association of Defendants with Anova, (ii) the origin of the parties' respective goods, and/or (iii) the sponsorship, endorsement, or approval of Defendants' goods by Anova or of Anova's goods by Defendants.

57.     Defendants' unauthorized use of the PRECISION Marks on or in connection with its sous vide products violates Anova's exclusive rights in its PRECISION Marks and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

58.     Upon information and belief, Defendants individually and in concert with each other have committed the foregoing acts of infringement with full knowledge of Anova's prior rights in the PRECISION Marks and with the willful intent to infringe and cause confusion and trade on Anova's goodwill.

59.     Defendants' acts of infringement of the PRECISION Marks have caused and will continue to cause Anova immediate and irreparable harm unless such infringing

COMPLAINT – 19

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

activities are enjoined by this Court. This includes *inter alia* loss of customers, customer confusion, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a preliminary and permanent injunction against the Defendants' further infringement of the PRECISION Marks.

60.     Anova is entitled to, among other relief, injunctive relief and an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT III**
**FEDERAL UNFAIR COMPETITION**
**AND FALSE DESIGNATIONS OF ORIGIN AND FALSE AND MISLEADING**
**REPRESENTATION UNDER 15 U.S.C. § 1125(a)**

61.     Anova repeats and realleges paragraphs 1 through 60 hereof, as if fully set forth herein.

62.     Defendants' unauthorized use of the PRECISION Marks on or in connection with its sous vide products violates Anova's exclusive rights in its PRECISION Marks and constitutes trademark infringement, false advertising, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

COMPLAINT – 20



TBILLICK LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

63.     Defendants' acts of infringement of the PRECISION Marks have caused and will continue to cause Anova immediate and irreparable harm unless such infringing activities are enjoined by this Court. This includes *inter alia* loss of customers, customer confusion, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a preliminary and permanent injunction against the Defendants' further infringement of the PRECISION Marks.

64.     Upon information and belief, Defendants' infringement of the PRECISION Marks has been, and continues to be knowing, intentional, and willful, and in deliberate disregard of the PRECISION Marks.

65.     Anova is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

**COUNT IV**
**DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c)**

66.     Anova repeats and realleges paragraphs 1 through 65 hereof, as if fully set forth herein.

COMPLAINT – 21


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

67.     As a result of the distinctiveness and widespread use and promotion throughout the United States, Anova's PRECISION Marks are distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

68.     The PRECISION Marks became distinctive and famous prior to the Defendants' acts as alleged herein.

69.     Defendants individually and in concert with each other have are infringing on the PRECISION Marks by their above-mentioned uses.

70.     Defendants' use of the PRECISION Marks has diluted and tarnished and will, unless enjoined, continue to dilute and tarnish the distinctive quality of the PRECISION Marks by undermining and damaging the valuable goodwill associated therewith in violation of Section 43(c) of the United States Trademark Act, 15 U.S.C. § 1125(c).

71.     Defendants' acts of infringement of the PRECISION Marks have caused and will continue to cause Anova immediate and irreparable harm unless such infringing activities are enjoined by this Court. This includes *inter alia* loss of customers, customer confusion, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a preliminary and permanent injunction against the Defendants' further infringement of the PRECISION Marks.

COMPLAINT – 22

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

72.     Upon information and belief, Defendants' infringement of the PRECISION Marks has been, and continues to be knowing, intentional, and willful, and in deliberate disregard of the PRECISION Marks.

73.     Anova is entitled to, among other relief, an award of actual damages, Defendants' profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## COUNT V
## TRADEMARK INFRINGEMENT AT COMMON LAW

74.     Anova repeats and realleges paragraphs 1 through 73 hereof, as if fully set forth herein.

75.     As described above, the PRECISION Marks are valid and protectable trademarks, and have earned common law protections since they were first used in commerce. Anova owns the entire right, title, and interest in and to the PRECISION Marks, including the right to seek damages for past, current, and future infringement thereof.

76.     Defendants individually and collectively have infringed the PRECISION Marks by adopting the PRECISION Marks in connection with advertising and selling sous vide devices in commerce.

COMPLAINT – 23



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

77.     Defendants individually and in concert with each other have engaged in trade and commerce in the commonwealth of Washington. This trade and commerce includes the sale, marketing and advertising of its sous vide cookers in connection with the PRECISION Marks.

78.     The acts of Defendants, individually and collectively, constitute the sale and passing-off of its products as Anova's products, infringement, imitation and misappropriation of the PRECISION Marks, unjust enrichment and unfair competition with Anova in violation of its rights at common law.

79.     Defendants' actions as described above regarding the PRECISION Marks constitute trademark infringement in violation of Washington common law.

80.     Upon information and belief, Defendants' infringement of the PRECISION Marks has been, and continues to be knowing, intentional, and willful, and in deliberate disregard of the PRECISION Marks.

81.     Defendants' acts of infringement of the PRECISION Marks have caused and will continue to cause Anova immediate and irreparable harm unless such infringing activities are enjoined by this Court. This includes *inter alia* loss of customers, customer confusion, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

preliminary and permanent injunction against the Defendants' further infringement of the PRECISION Marks.

**COUNT VI**
**COMMON LAW UNFAIR COMPETITION AND UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER WASHINGTON STATE LAW (RCW 19.86.020 ET SEQ.)**

82.     Anova repeats and realleges paragraphs 1 through 81 hereof, as if fully set forth herein.

83.     Defendants' acts as alleged herein constitute deceptive trade practices under the common law and statutory laws of the State of Washington, including, but not limited to RCW 19.86.020.

84.     Anova has valid and protectable rights in the PRECISION Marks. Anova owns the entire right, title, and interest in and to the PRECISION Marks, including the right to seek damages for past, current, and future infringement thereof.

85.     Defendants' individually and collectively have falsely and deceptively created the impression in commerce that Defendants' goods and services are associated with, sponsored by, or approved by Anova, and are likely to confuse the public as to the source of Defendants' goods and services. Defendants' actions and use of the PRECISION Marks injures Anova's business reputation of Anova and dilute the distinctive quality of its products.



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

86.     Defendants' acts are likely to deceive the public. Defendants mislead members of the public into believing that Defendants' products come from Anova and/or that there is an affiliation between Anova and Defendants or between their respective products and/or that Anova endorses or sponsors or has granted a license for Defendants' products. Defendants' actions constitute unfair and deceptive practices which affect the public interest as a result of the public confusion caused by such acts.

87.     Defendants acts constitute the sale and passing-off of its products as Anova's products, infringement, imitation and misappropriation of the PRECISION Marks, and unjust enrichment and unfair competition with Anova in violation of its rights under Washington and federal law.

88.     Defendants' unfair acts as alleged herein have caused and will continue to cause injury to Anova to its business and/or property. Defendants' unlawful misrepresentations have caused harm to Anova by diverting revenues that would otherwise be paid to Anova. Anova's goodwill has been undermined, and it has been forced to expend substantial attorneys' fees and time addressing and undoing such harm, including in this proceeding.

89.     Upon information and belief, Defendants' infringement of the PRECISION Marks has been, and continues to be knowing, intentional, and willful, and in deliberate disregard of the PRECISION Marks.

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

90.     Defendants' acts of infringement of the PRECISION Marks have caused and will continue to cause Anova immediate and irreparable harm unless such infringing activities are enjoined by this Court. This includes *inter alia* loss of customers, customer confusion, loss of market-share, price erosion, loss of customer goodwill, and harm to Anova's reputation as a leading innovator in the kitchen appliance industry. Anova has no adequate remedy at law to address these damages. Anova is thus entitled to a preliminary and permanent injunction against the Defendants' further infringement of the PRECISION Marks.

## JURY DEMAND

91.     Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Anova demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

**WHEREFORE**, Anova requests judgment against Defendants as follows:

A. Adjudging that Defendants have infringed, actively induced infringement of, and/or contributorily infringed the '967 Patent, in violation of 35 U.S.C. § 271(a), (b), and/or (c);

B. Granting an injunction, preliminarily and permanently, enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with

COMPLAINT – 27



TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the '967 Patent and PRECISION Marks;

C. Ordering Defendants to account and pay damages adequate to compensate Anova for Defendant's infringement of the '967 Patent, including for any infringing acts not presented at trial and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

D. Ordering an accounting for any infringing sales not presented at trial and an award by the court of additional damages for any such infringing sales;

E. Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

F. Declaring this case exceptional and awarding Anova its reasonable attorney's fees and expenses pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117;

G. Directing Defendants to use its best efforts to recall from trade and other third parties any and all infringing goods and to cease any marketing, advertising and promotional materials using products that bear the same confusingly similar variations of the PRECISION Marks in the United States;

H. Directing Defendants to file with the Court and serve on counsel for Plaintiff, within thirty days after entry of any injunction issued by the Court in this action,

COMPLAINT – 28


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

a sworn statement as provided in 15 U.S.C. § 1116 setting forth in detail the manner and form in which Defendants have complied with the injunction;

I.  Directing Defendants to deliver up to Anova for destruction or other disposition, within thirty days of the entry of final judgment herein, any and all infringing goods and any promotional, marketing, advertising, and promotional materials used in connection with the sale or marketing of any goods or services, now or hereafter in its possession, custody or control;

J.  Directing that Defendants account to and pay over to Anova any and all profits derived by Defendants from the sale of goods or services bearing the PRECISION Marks in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

K.  Awarding Anova a monetary judgment against the Defendants for Anova's damages and Defendant's profits pursuant to 15 U.S.C. § 1117;

L.  Trebling the amount of such award on account of Defendants' willful, intentional, and bad faith conduct pursuant to 15 U.S.C. § 1117;

M.  Awarding Anova a monetary judgment against the Defendants for Anova's damages and due to Defendant's unfair competition.

N.  Awarding Anova punitive damages against the Defendants due to Defendants' unfair competition.

COMPLAINT – 29


TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com

O. Awarding Anova interest, including prejudgment and post-judgment interest, on the foregoing sums; and

P. Awarding such other and further relief as this Court deems just and proper.

DATED June 6, 2023

TBILLICK LAW PLLC

By _____

Tim J. Billick, WSBA No. 46690
E-mail:      tim@tbillicklaw.com
600 First Ave
Seattle, WA 98101
Telephone: (206) 494-0020


*/s/Maryann Zaki*
Maryann Zaki
2617 Bissonnet Street, Ste. 450
Houston, Texas 77005
maryann@tbillicklaw.com
Tel: 832-525-6860

*Pro Hac Vice* motion forthcoming

*/s/ Ray Ashburg*
Ray Ashburg
10200 David Taylor Dr.
Charlotte, North Carolina, 28262
Telephone: (704) 458-1466
Facsimile: (704) 547-7053
Email: Ray.Ashburg@Electrolux.com
*Attorneys for Anova*

*Pro Hac Vice* motion forthcoming

*Attorneys for Plaintiff*

COMPLAINT – 30

TBILLICK
LAW
600 1st Ave
Seattle, WA 98104
206.494.0020
tim@tbillicklaw.com